On appellant's petition for reconsideration filed August 18, and respondent's response to petition for reconsideration filed September 1, reconsideration allowed; former opinion (194 Or App 382, 95 P3d 230 (2004)) modified and adhered to as modified; defendant Davis's convictions and sentences affirmed; defendant Hamilton's convictions affirmed; defendant Hamilton's case remanded for resentencing January 12, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JAMES IVY DAVIS, IV,
aka James Ivey Davis,
*Appellant.*

00-12-39969, A116035 (Control)

STATE OF OREGON,
*Respondent,*

*v.*

ALBERT LEWIS HAMILTON,
aka Albert Lewis Goldsby,
*Appellant.*

00-12-39970; A116439
(Cases Consolidated)

104 P3d 602

Robin A. Jones, Senior Deputy Public Defender, Peter Ozanne, Executive Director, Peter Gartlan, Chief Defender, Office of Public Defense Services, for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Janet A. Klapstein, Assistant Attorney General, for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendants in these consolidated cases petition for reconsideration, arguing that we erred in rejecting their legal arguments concerning the number of convictions that should have been entered on multiple counts of robbery. *State v. Davis / Hamilton*, 194 Or App 382, 95 P3d 230 (2004). Defendant Hamilton also seeks reconsideration and asks this court to consider a supplemental assignment of error concerning the trial court's imposition of an upward departure sentence under the sentencing guidelines on his conviction for attempted assault in the first degree with a firearm. He asserts that the upward departure sentence was unconstitutional under the Sixth Amendment to the United States Constitution, under the rationale set forth in *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). As explained below, we reject defendants' arguments concerning the robbery convictions but conclude that defendant Hamilton is correct that the upward departure sentence is unconstitutional under *Blakely*. We therefore adhere to our prior opinion in part and modify it in part; we alter the disposition to affirm defendant Davis's convictions and sentences, but we affirm defendant Hamilton's convictions and remand for resentencing of defendant Hamilton.

As described in our previous opinion, these cases concern an incident in which defendants held up a bar, after which they were pursued by the police. *Davis / Hamilton*, 194 Or App at 385-86. Defendant Hamilton shot at pursuing police officers and ultimately was convicted, based on that conduct, of attempted first-degree assault with a firearm. The trial court determined at sentencing that the presumptive sentence for that offense on the sentencing guidelines grid was 31 to 36 months, given the type of crime and defendant's criminal history score. Over defendant's objection that imposition of a departure sentence violated the rule of law announced in *Apprendi*, the court imposed an upward departure sentence of 72 months on the attempted first-degree assault with a firearm conviction based on a finding that

defendant Hamilton was on supervision at the time of the offense.

On reconsideration, defendants assert that we erred in our analysis and disposition with respect to our affirmance of their multiple robbery convictions. With respect, the contentions that defendants advance on reconsideration are qualitatively different from those presented by defendants in their brief and at oral argument. Defendants are shifting ground.[1] Regardless of the propriety of that belated effort, *see* ORAP 6.25, we adhere to our original analysis as correct.

Defendant Hamilton next asserts on reconsideration that the trial court erred in rejecting his argument that the upward departure sentence was unconstitutional. Defendant relies primarily on *Blakely*, in which the Supreme Court held unconstitutional an "exceptional sentence" imposed under Washington's sentencing guidelines on the ground that the enhanced sentence was imposed based on a factual finding made by the sentencing court rather than on the basis of facts found by the jury or admitted by the defendant. In *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), the Oregon Supreme Court held that upward departure sentences, which are virtually identical to "exceptional sentences" under the Washington sentencing scheme, are inconsistent with the rule of law announced in *Blakely*. *See also State v. Sawatzky*, 195 Or App 159, 96 P3d 1288 (2004) (same).

---

[1] For example, during oral argument, while appellate counsel asserted that threats directed against multiple bystanders to a single theft could not support multiple robbery convictions, counsel also acknowledged (correctly) that each of those threats could constitute a separate basis upon which to convict the defendant of the crime of robbery:

"In this situation, you show the robbery by showing the *theft*—ok, that's the basic point of the statute. You can show it either by saying that the person threatened—used immediate physical force upon *another person, any* other person, you can use any person to show it. The state could have used *any* of the people who were being threatened to produce the money, or * * * if the state's theory was that the defendants were frightening the owner of the bar into giving money by threatening his patrons, you could show that *a patron* was threatened—it would still only be one crime, it wouldn't make it two crimes, it would just show a different way of proving that the robbery was committed."

That is precisely the position that our original opinion ascribed to defendants. *Davis/Hamilton*, 194 Or App at 389-91.

The state responds that defendant's departure sentence is constitutional because it falls within an exception enunciated by the Court in *Apprendi*: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 US at 490 (emphasis added). The state asserts that the trial court's finding that defendant committed attempted first-degree assault while on supervision is a "fact of a prior conviction," and, thus, need not be submitted to a jury and proved beyond a reasonable doubt.

In *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), we discussed the breadth of the "fact of a prior conviction" exception from *Apprendi*. We noted that the exception originated in *Almendarez-Torres v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 350 (1998), and that the Court in *Apprendi* explained that the exception existed because of "the certainty that procedural safeguards attached to any 'fact' of prior conviction[.]" *Apprendi*, 530 US at 488. In *Perez*, we held:

> "[T]he exception to the general rule in *Apprendi* hinges on the fact that a prior conviction already has been subjected to the rigors of jury determination and the 'reasonable doubt' standard of proof. An exception for the bare fact of a prior conviction is, in fact, entirely consistent with the general rule that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'
> * * *
>
> "The same is not true of facts other than the bare fact of a prior conviction—even those related thereto. Here, for example, the allegation that defendant was on probation or parole when he committed the offenses of conviction has not been proved to a jury beyond a reasonable doubt, so the same 'procedural safeguards' had not attached to that 'fact' when he was sentenced."

*Perez*, 196 Or App at 371-72.

*Perez* is controlling here. The state suggests that the sentence imposed for a prior conviction is encompassed in the "fact" of the prior conviction and, because sentencing (other

than in capital cases) is not done by a jury in Oregon, consideration of facts pertaining to sentences for prior convictions do not intrude on any jury function. We reject that argument as unpersuasive. The crucial fact at issue is not whether the defendant received a sentence for a prior conviction or whether a jury imposed it, but whether defendant was on supervision at a particular point in time *after* that prior conviction had been entered. Thus, even if the state were correct that the "fact" of the prior conviction included the sentence imposed for that conviction—an issue we need not decide here—it would not encompass facts concerning when the defendant actually *served* either the prison term or the supervision term of that sentence. *Id.*

Reconsideration allowed; former opinion modified and adhered to as modified; defendant Davis's convictions and sentences affirmed; defendant Hamilton's convictions affirmed; defendant Hamilton's case remanded for resentencing.