Argued and submitted November 8, reversed and remanded with instructions to enter a judgment of conviction for first-degree kidnapping reflecting that defendant was convicted on both theories, as well as for attempted murder, second-degree assault, third-degree assault, and fourth-degree assault, and for resentencing; otherwise affirmed December 20, 2006, petition for review denied March 7, 2007 (342 Or 473)

## STATE OF OREGON,
*Respondent,*

*v.*

## ALFREDO TEOFILO HYLTON,
*Appellant.*

04C-51746; A128130

150 P3d 47

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer & French LLP.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of first-degree kidnapping, ORS 163.235, and one count each of attempted murder, ORS 163.115; ORS 161.405, second-degree assault, ORS 163.175, third-degree assault, ORS 163.165, and fourth-degree assault, ORS 163.160. On appeal, defendant challenges the manner in which he was indicted, as well as his sentences. We reject without discussion defendant's arguments pertaining to the indictment. We conclude, however, that the trial court's failure to merge defendant's two convictions for first-degree kidnapping pursuant to ORS 161.067 was an error requiring resentencing and, therefore, remand for resentencing.

The two counts of first-degree kidnapping related to the same event. The first charged that, on a particular date, defendant kidnapped the victim "with the purpose of terrorizing [the victim]." The second charged that, on the same date and as part of the same act or transaction, defendant kidnapped the victim "with the purpose of causing physical injury to [the victim]."[1]

■■ On appeal, defendant argues that the trial court erred in failing to merge the two kidnapping convictions, citing *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000). The state responds that defendant failed to preserve the asserted error, and that it is not apparent on the face of the record. In particular, the state argues, *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002), casts doubt on whether the convictions should have been merged.

■ As we noted in *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003), we assess whether an error is "plain" based on the law as it exists at time of decision on appeal. The Oregon Supreme Court has

---

[1] ORS 163.235(1) provides, in part:

"A person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 with any of the following purposes:

"* * * * *

"(c) To cause physical injury to the victim; or

"(d) To terrorize the victim or another person."

recently explained that the aspect of *Barnum* on which the state relies was "wrong," and that *"Barnum* is an anomaly in the body of cases that discuss the proper application of ORS 161.067 when a defendant is charged with multiple offenses in connection with the same conduct or criminal episode." *State v. White*, 341 Or 624, 636-37, 147 P3d 313 (2006). In light of *White*, we conclude that the error at issue here is apparent on the face of the record. Because of the gravity of the error, we exercise our discretion to correct it.

Reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree kidnapping reflecting that defendant was convicted on both theories, as well as for attempted murder, second-degree assault, third-degree assault, and fourth-degree assault, and for resentencing; otherwise affirmed.