Argued and submitted February 18, affirmed September 2, petition for review denied November 24, 2009 (347 Or 349)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ALFREDO TEOFILO HYLTON,
*Defendant-Appellant.*

Marion County Circuit Court
04C51746; A136240

216 P3d 899

Jason E. Thompson, argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson LLP.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This case is before us for the second time. In our previous decision, we concluded that the trial court had erred in failing to merge two of defendant's convictions; we remanded for merger and for resentencing. *State v. Hylton*, 210 Or App 104, 150 P3d 47 (2006), *rev den*, 342 Or 473 (2007). In his appeal after remand, defendant contends that the trial court erred in imposing his new sentences. We affirm.

Defendant was indicted and tried on one count of attempted murder, ORS 161.405, ORS 163.115; two counts of kidnapping in the first degree, ORS 163.235; and one count each of assault in the second degree, ORS 163.175, assault in the third degree, ORS 163.165, and assault in the fourth degree, ORS 163.160. The jury found defendant guilty on all counts. In a separate proceeding for the purpose of finding facts supporting upward departure sentences, the jury expressly found as to each of defendant's offenses that the crime involved deliberate cruelty to the victim, that defendant had engaged in persistent involvement in similar offenses, that prior criminal justice sanctions had not deterred him, and that he had demonstrated disregard for laws and rules, making successful probation unlikely.

On the two kidnapping convictions, the trial court sentenced defendant to concurrent upward departure sentences of 240 months in prison. The trial court imposed an upward departure sentence of 72 months in prison on defendant's conviction for second-degree assault, to be served consecutively to his sentences on the kidnapping convictions. It imposed a concurrent 30-month prison sentence on defendant's third-degree assault conviction and a consecutive upward departure sentence of 36 months in prison on his fourth-degree assault conviction. Finally, on defendant's attempted murder conviction, the trial court imposed a consecutive Measure 11 sentence of 90 months in prison. The total length of defendant's combined concurrent and consecutive prison sentences was 438 months.

As noted, in defendant's original appeal, we concluded that the trial court erred in failing to merge his two kidnapping convictions; we remanded for merger and for

resentencing. On remand, relying on the original jury's findings relating to departure factors, the trial court merged the two kidnapping convictions and sentenced defendant on the resulting conviction to the same 240-month upward departure sentence that the court originally had imposed on each kidnapping conviction. The trial court also reimposed the same sentences on the remaining convictions, both as to the length of the incarceration terms and as to the concurrent or consecutive nature of each sentence. Because defendant's original sentences for his two kidnapping convictions had been concurrent to each other, the merger of those convictions did not affect his total sentence, which remained at 438 months' imprisonment.

In his first assignment of error on appeal, defendant argues that the trial court violated his rights under the Sixth Amendment to the United States Constitution by ordering that some of his sentences be served consecutively to other sentences based on facts not found by a jury. Defendant's argument has been rejected by the United States Supreme Court in *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009), and we do not discuss it further.

■ In his second assignment of error, defendant argues that, because the resentencing in this case took place after the legislature had enacted statutory requirements for pleading and proving sentence "enhancement facts," *see* ORS 136.760 - 136.792; *see also Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (under Sixth Amendment, unless facts are admitted by the defendant, jury must find facts that increase sentence beyond prescribed statutory maximum), the departure factors alleged by the state and found by a jury at his original trial must be submitted to and found by a *new* jury as provided in those statutes. According to defendant, ORS 136.792 required the trial court to empanel a new jury in this case. Thus, defendant argues, where this court remanded for resentencing, the trial court erred in merely merging his kidnapping convictions and reimposing the same sentences based on the same jury findings.[1]

---

[1] Defendant does not argue that the sentencing procedure followed on remand violated his right under the Sixth Amendment to have a jury find the relevant departure factors; he argues only that the procedure violated the cited statutes.

The state responds that the trial court properly considered defendant's sentencing-related arguments on remand and properly relied on the original jury's factual findings in imposing defendant's sentences.

■ ORS 136.792 applies to the imposition of new sentences in a case that has been remanded to a trial court for resentencing. It provides:

"(1) For the purpose of imposing a new sentence in a case that has been remanded to a trial court that will result in resentencing for which a new sentence has not been imposed prior to July 7, 2005, the court may impanel a new jury to determine the enhancement facts as defined in ORS 136.760. Laws relating to impaneling a jury for a criminal trial apply to impaneling a jury under this section.

"(2) ORS 136.785(3) [setting out the required relationship between the number of jurors finding the defendant guilty and the number of jurors finding enhancement facts] does not apply to a case in which the court has impaneled a new jury under this section. In a case with a jury impaneled under this section, an enhancement fact is not proven unless the number of jurors who find that the state has met its burden of proof with regard to the enhancement fact is equal to or greater than the number of jurors that was required to find the defendant guilty of the crime."

On its face, ORS 136.792(1) does not require a trial court to impanel a new jury on remand; rather, it provides that the trial court "may" do so. The legislature's use of the term "may" ordinarily is understood to signify a grant of discretion. *See, e.g., Farmer v. Baldwin*, 346 Or 67, 78-79, 205 P3d 871 (2009) (use of the term "may" signifies grant of discretion); *Country Cas. Ins. Co. v. Villa-Chavez*, 228 Or App 677, 682, 208 P3d 1036 (2009) (use in statute of permissive term "may" signifies grant of discretion); *State ex rel Juv. Dept. v. G. A. K.*, 225 Or App 477, 486, 201 P3d 930, *rev den*, 346 Or 157 (2009) ("[U]nder the plain language of the statute, *i.e.*, the court 'may,' it is properly within the discretion of the juvenile court to determine the sanction, if any, to be imposed for breach of the duty to disclose." (Emphasis omitted.)).

It is apparent to us that a trial court's exercise of discretion not to impanel a new jury on remand properly can

rest on any of several circumstances or factors. For example, whether a case is remanded only for resentencing or for both retrial and resentencing, a defendant may waive his or her right to jury trial on an enhancement fact, may admit the fact, or may elect to have the enhancement fact tried to the court. *See* ORS 136.770 (providing that submission of enhancement fact to jury is required unless the defendant chooses one of those alternatives). Alternatively, under ORS 136.776, a written waiver of jury trial on the issue of guilt constitutes a waiver of the right to jury trial on enhancement facts; that circumstance may arise when a case is remanded for both retrial and resentencing. In all cases of remands requiring resentencing, however, the undisputed purpose of ORS 136.760 to 136.792 is to safeguard a defendant's Sixth Amendment right to jury trial on sentence enhancement facts. We have no difficulty in concluding that, where a defendant previously has been afforded that right and the case is remanded for resentencing, a trial court has discretion under ORS 136.792 in that circumstance as well not to impanel a new jury, but instead to rely on findings made by the original jury in the case.

That is what occurred in this case. Moreover, defendant was afforded his right to be heard regarding his new sentences. *See* Or Const, Art I, § 11; ORS 137.030; *see also State v. Rickard*, 225 Or App 488, 493-94, 201 P3d 927 (2009) (identifying those provisions as safeguarding the offender's right to be personally present and to be heard at sentencing, including resentencing proceedings that involve substantive modifications of the defendant's original sentence). The trial court did not err in resentencing defendant.

Affirmed.