Argued and submitted September 30, 2009, remanded with instructions to merge three counts of abuse of a memorial into one and for resentencing; otherwise affirmed March 17, petition for review denied July 29, 2010 (348 Or 621)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JARED JAY BOWERS,
*Defendant-Appellant.*

Lincoln County Circuit Court
072799; A138763

227 P3d 822

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Breithaupt, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who pleaded guilty to three counts of abuse of a memorial, ORS 166.076, argues on appeal that the trial court erred in refusing to merge the three convictions. As explained below, we agree with defendant and therefore remand the case to the trial court for merger and for resentencing.

The pertinent facts are not in dispute. Defendant was charged with three counts of abuse of a memorial. Each count alleged that, on or about May 14, 2007, defendant "did unlawfully and intentionally destroy, mutilate, deface and injure * * * a monument which was placed as and designed for a memorial to the dead." One count alleged that this was done to "a cement bench," another to "a marble plaque," and the third to "flowers in planter boxes." Most of the facts pertinent to the issues raised on appeal are procedural.

Defendant wished to plead guilty, and his lawyer recited the following stipulations into the record:

> "[O]n the date alleged, May 14, 2007, Lincoln County, Oregon, [defendant] did intentionally and unlawfully destroy, mutilate, deface and injure those items: with respect to Count 2, the cement bench; with respect to Count 3, the marble plaque; and with respect to Count 4, the flowers in the planter boxes, which again, were intended for ornamentation, placed or designed as a memorial to the dead."

Before the court accepted the plea, defense counsel stated on the record that he had submitted to the court a sentencing memorandum "on the issue of merger of the counts." The court accepted defendant's plea after explaining defendant's rights to him, including telling defendant that a "theoretical possibility remains that there could be independent, individual, separate and discrete sentences imposed on each of three counts."

Defendant asserted in his sentencing memorandum that, in light of *State v. White*, 341 Or 624, 147 P3d 313 (2006), and other cases, defendant's three convictions should merge because the requirements of ORS 161.067(3), the

"anti-merger" statute, were not satisfied.[1] The prosecutor's reply asserted that "separately punishable offenses" for purposes of ORS 161.067(3) should be interpreted to mean that, if the criteria of that statute are not met, the crimes would "be 'merged' for sentencing purposes" but that separate convictions should be entered. At the sentencing hearing, the parties and the court debated at length about the meaning of ORS 161.067(3) and whether it was intended to provide for merger of convictions, or " 'merger' for sentencing purposes." The court concluded that, under ORS 161.067(3), "I believe you may not be able to sentence somebody separately on these, but you can sure have separate convictions."

The state also made an offer of proof that the bench, the plaque, and the planter were 10 to 30 yards apart from one another and argued that the court therefore could infer that "indeed there was a sufficient pause in the defendant's conduct" between the damaging of each of those items.[2]

The court made the following findings:

"I find that the same conduct or criminal episode violates only one statutory provision, and [on] the record before me * * * one has to assume—there's an assumption that can be made that, in the absence of there being evidence, one has to assume but one victim. * * *

"* * * * *

"* * * But nevertheless the Court finds that it did involve repeated violations of the same statutory provision against the same victim, and according to subsection (3), there are as many separately punishable offenses as there

---

[1] ORS 161.067(3) provides, in part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from such other violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

[2] The state also argued in the trial court that the crimes had separate victims, but it does not pursue that argument on appeal.

are violations * * *. However, the Court is unable to conclude that each violation can be, as a matter of law, separately punishable because there is an absence of evidence from which the Court can find that each violation is separated from the other violations by a sufficient pause in the defendant's criminal conduct to afford him an opportunity to renounce criminal intent."

In short, the court concluded that the requirements of ORS 161.067(3) were not met but that it was only the "sentences" that merged, not the "convictions." The court therefore entered judgment for three separate convictions, but imposed concurrent sentences on those convictions.

On appeal, defendant maintains that the court's application of ORS 161.067(3) was contrary to the explicit holding of *White*. The state does not dispute that proposition.[3] Rather, the state argues, first, that the judgment is not appealable, second, that defendant failed to preserve the asserted error, and third, that this court should affirm on an alternative basis—that the offenses were separated by pauses sufficient for defendant to renounce his criminal intent.

As explained below, we reject each of the state's arguments, and therefore remand for merger and resentencing.

■    We begin with the state's appealability argument. ORS 138.050(1) provides:

"Except as otherwise provided in ORS 135.335 [not applicable in this case], a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

_____

[3] In *White*, the defendant's conduct "involved repeated violations of the same statutory provisions within the meaning of ORS 161.067(3)." 341 Or at 640. The court concluded that, "although defendant properly was charged with and even found guilty of two counts of first-degree burglary,* * * the trial court could not enter two judgments of conviction based on those verdicts. Under ORS 161.067, defendant did not commit two 'separately punishable' burglaries[.]" *Id.* at 640-41. The court emphasized that ORS 161.067(3) pertains to "the number of separately punishable *offenses*," and does not pertain to whether sentences should be imposed consecutively or concurrently. *Id.* at 636 (emphasis in original).

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual."

The state argues that a challenge to the court's entry of three separate convictions pursuant to ORS 161.067(3) is not an argument that the disposition exceeds the maximum allowable by law. The state acknowledges that we have held otherwise in *State v. Summerlin*, 139 Or App 579, 913 P2d 340 (1996), but suggests that we limit *Summerlin* to its facts, which involved not only a failure to merge convictions, but imposition of consecutive sentences.[4] The state's argument does not require any extended discussion. We explained in *Summerlin*, and reiterated more recently in *State v. Stubbs*, 193 Or App 595, 606, 91 P3d 774 (2004) (quoting *Summerlin*, 139 Or App at 582), that " '*a disposition exceeds the maximum allowed by law if it is not imposed consistently with statutory requirements.*' " (Emphasis in original.) *See also State v. Easton*, 204 Or App 1, 126 P3d 1256, *rev den*, 340 Or 673 (2006) (same). A disposition that includes three convictions where it should only include one conviction contains a disposition that exceeds the maximum allowable by law. *Accord State v. Muyingo*, 226 Or App 327, 329, 203 P3d 365, *rev den*, 346 Or 364 (2009) (under ORS 138.053, a "disposition encompasses all convictions and sentences contained in the judgment").

■■     The state next argues that defendant did not adequately preserve this issue. Both parties submitted memoranda to the trial court, defendant relied on *White*, which is the controlling case, and the court considered the matter over the course of two days. The state nonetheless argues that defendant did not raise the issue in a timely manner because he "waited to raise a merger claim until after he had pleaded guilty to multiple counts." First, as a factual matter, the record reflects that defense counsel *did*, in fact, "raise a merger claim" before the plea was accepted, noting in open court

---

[4] *Summerlin* itself contains no suggestion of such a limitation. There, we first addressed the state's argument that ORS 138.050 and ORS 138.053 limited our ability to "review the merger issues." 139 Or App at 581. The pertinent discussion concerned *only* the merger issues; no argument was made that the court lacked authority to address the defendant's separate assignment of error concerning the imposition of consecutive sentences. *See id.* at 588-89.

before the plea was taken that he had filed a memorandum in support of the merger of the three counts. The prosecutor did not suggest to the court (and the state does not suggest now) that the plea agreement precluded defendant from arguing in favor of merger. Second, as a legal matter, the time to address a merger claim is post-verdict, not at or before a plea hearing, or during trial. *See White*, 341 Or at 640 ("although *defendant properly was charged with and even found guilty of two counts* of first-degree burglary, * * * the trial court could not enter two judgments of conviction" (emphasis added)); *cf., State v. Davis/Hamilton*, 194 Or App 382, 385, 95 P3d 230 (2004), *modified on recons*, 197 Or App 1, 104 P3d 602, *rev den*, 339 Or 230 (2005) (the defendant's arguments concerning how many robberies had been committed during one hold-up of multiple victims "were immaterial to the determination of the motions for judgments of acquittal and were cognizable only through a post-verdict motion pursuant to ORS 161.067, relating to merger").

Finally, we address the state's "right for the wrong reason" argument. The state notes that this court "may affirm on grounds different from those on which the trial court based its decision, so long as there is evidence in the record to support the alternative grounds." *Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 520, 981 P2d 833 (1999). The state then asserts that an alternative basis exists for affirming the trial court's failure to merge the convictions, because "[a]t sentencing, the prosecutor offered to prove that the plaque was 10 yards away from the cement bench and the flower beds were 30 yards away from the cement bench" and thus there must have been a "sufficient pause" to justify separate convictions pursuant to ORS 161.067(3).

The state does not, however, cite more recent authority that sets out pertinent limitations on the "right for the wrong reason" doctrine. In *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), the court explained that an appellate court may affirm on an alternative basis, but only when:

"(1) * * * the facts of record [are] sufficient to support the alternative basis for affirmance; (2) * * * the trial court's ruling [is] consistent with the view of the evidence under

the alternative basis for affirmance; and (3) * * * the record [is] materially the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below."

In the course of the sentencing proceeding, the court made a legal ruling that the state could not present the evidence that the state now attempts to rely on. As the state recognizes, it did not present that evidence, but merely made an offer of proof (in the form of the prosecutor's representations of what the witness intended to say concerning the locations of the damaged items). The state has not cross-assigned error to the trial court's ruling that the evidence was not admissible. Accordingly, the "facts" on which the state now tries to rely are not "facts of record." Moreover, the trial court's ruling is *not* "consistent with the view of the evidence under the alternative basis for affirmance," because the trial court specifically noted the absence of evidence of sufficient pause when it made its explicit findings pursuant to ORS 161.067(3). And finally, had the court actually admitted the evidence, the record might have been materially different, because defendant then would have had an opportunity to counter the state's evidence with evidence that, in fact, the distance between the damaged items did not establish a "sufficient pause" for purposes of ORS 161.067(3). In sum, none of the three criteria that would allow this court to affirm on an alternative basis has been satisfied in this case.

The trial court erred in failing to merge the three convictions.

Remanded with instructions to merge three counts of abuse of a memorial into one and for resentencing; otherwise affirmed.