Submitted March 25, reversed and remanded for merger of convictions for second-degree robbery and for resentencing; otherwise affirmed April 28, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JORGE LUIS CORTES,
*Defendant-Appellant.*

Washington County Circuit Court
C080154CR; A139185

230 P3d 102

Peter Gartlan, Chief Defender, and Kristin A. Carveth, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of one count of first-degree robbery, ORS 164.415; two counts of second-degree robbery, ORS 164.405; one count of unlawful use of a weapon, ORS 166.220; and one count of second-degree theft, ORS 164.045. On appeal, defendant contends that the trial court erred in failing to merge the three robbery convictions into a single conviction for first-degree robbery. He acknowledges that he did not raise that issue below but urges us to reverse on the basis of error apparent on the face of the record, ORAP 5.45(1). The state concedes that the trial court plainly erred in failing to merge the two convictions for second-degree robbery. We agree with the state's concession and, for the reasons expressed in *State v. Camacho-Alvarez*, 225 Or App 215, 216-17, 200 P3d 613 (2009), exercise our discretion to correct that error.[1]

Reversed and remanded for merger of convictions for second-degree robbery and for resentencing; otherwise affirmed.

---

[1] The state does not concede that the single conviction for second-degree robbery should then merge with the conviction for first-degree robbery. Given our remand, the trial court will have an opportunity to address that issue in the first instance. *See* ORS 138.222(5).