Submitted December 22, 2009, reversed and remanded for merger of convictions for first-degree burglary on Counts 2-4 into a single conviction for first-degree burglary reflecting that defendant was found guilty on all theories and for resentencing; otherwise affirmed July 28, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID CHRISTOPHER SAUCEDA,
*Defendant-Appellant.*

Washington County Circuit Court
C071684CR; A138887

239 P3d 996

Peter Gartlan, Chief Defender, Appellate Division, and Travis S. Eiva, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

**WOLLHEIM, P. J.**

Following a guilty plea, defendant was convicted of four counts of first-degree burglary, ORS 164.225, two counts of second-degree kidnapping, ORS 163.225, two counts of fourth-degree assault, ORS 163.160, and one count each of interference with making a report, ORS 165.572, harassment, ORS 166.065, reckless endangerment, ORS 163.195, and third-degree theft, ORS 164.043. He contends on appeal that the trial court erred in failing to merge three of the burglary charges (Counts 2-4) into a single conviction for first-degree burglary. In addition, he asserts that the court erred when it did not merge the two kidnapping charges into a single conviction. Defendant acknowledges that he did not raise those issues below, but he urges us to reverse on the basis of error apparent on the face of the record. ORAP 5.45(1); *see Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Because we agree with defendant that the trial court plainly erred when it failed to merge the burglary convictions, we reverse and remand for merger and resentencing.

■ The state first contends that, in light of defendant's guilty plea, the judgment is not appealable and, therefore, this court cannot consider defendant's claims of error. The state relies on ORS 138.050(1), which provides:

"Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."

According to the state, defendant's arguments that the court erred in entering separate convictions on the burglary and kidnapping charges do not amount to an assertion that the disposition exceeds the maximum allowable by law. We recently rejected the same contention by the state in *State v. Bowers*, 234 Or App 301, 306, 227 P3d 822 (2010). In that case, the defendant entered a guilty plea to three counts of abuse of a memorial, ORS 166.076, and, on appeal, challenged the trial court's failure to merge the three convictions

into one. Citing *State v. Sumerlin*, 139 Or App 579, 913 P2d 340 (1996), and *State v. Stubbs*, 193 Or App 595, 91 P3d 774 (2004), we explained that "[a] disposition that includes three convictions where it should only include one conviction contains a disposition that exceeds the maximum allowable by law." *Bowers*, 234 Or App at 306. Therefore, the judgment was appealable. The same circumstances are present in this case, and the same result obtains here.

■       With respect to defendant's assertion that the trial court committed error apparent on the face of the record in failing to merge the burglary convictions, the state asserts that, even if the judgment is appealable, we should not exercise our discretion to review the asserted error, pointing out that defendant voluntarily pleaded guilty and that merger would not change the length of defendant's sentence. However, the state also "acknowledges that, if the court agrees to conduct plain-error review here, * * * counts 2, 3, and 4 would merge into a single conviction." We agree with defendant that the trial court's failure to merge the burglary convictions constitutes error apparent on the face of the record. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (in determining whether a claimed error constitutes "plain error" we consider (1) whether the error is one of law; (2) whether it is obvious and not reasonably in dispute; and (3) whether it appears on the face of the record without requiring the court to choose between competing inferences); *State v. White*, 341 Or 624, 147 P3d 313 (2006) (a defendant does not commit multiple separately punishable burglary offenses by breaking into a victim's dwelling with the intent to commit multiple different crimes therein); *see also State v. Lepierre*, 235 Or App 391, 232 P3d 982 (2010) (reviewing as plain error the trial court's improper failure to merge into a single conviction guilty verdicts on multiple burglary charges).

■       Thus, we turn to the question of whether we should exercise our discretion to correct the error. In making that determination, we consider

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention;

and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given the opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. In addition, we consider the "possibility that [a] defendant made a strategic choice not to object" and the "interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings[.]" *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

■     Here, those considerations support the exercise of our discretion to correct the trial court's error in failing to merge the three first-degree burglary convictions:

"First, the error in this case is grave; the presence of * * * additional * * * conviction[s] on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation in his criminal history. Second, although the state may have an interest in avoiding unnecessary resentencing proceedings, * * * it has no interest in convicting a defendant [multiple times] for the same crime."

*State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008) (discussing merger of kidnapping convictions). Furthermore, we perceive neither a strategic reason that defendant may have had for not objecting to the entry of separate convictions nor a reason that the ends of justice would not be served by "ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted." *Id.* at 565. Accordingly, we exercise our discretion to correct the trial court's error with respect to the first-degree burglary convictions.

With respect to the trial court's failure to merge the kidnapping convictions, the state contends that we should not review the asserted error as error apparent on the face of the record because, among other things, there is a factual dispute that permits competing interpretations as to whether separate kidnappings occurred. However, given our remand with respect to the burglary convictions, the trial court will have an opportunity to address that issue in the first instance. *See* ORS 138.222(5).

Reversed and remanded for merger of convictions for first-degree burglary on Counts 2-4 into a single conviction for first-degree burglary reflecting that defendant was found guilty on all theories and for resentencing; otherwise affirmed.