Submitted December 16, 2010, reversed and remanded with instructions to enter a single conviction for first-degree burglary, reflecting that defendant was convicted on multiple theories, and for resentencing; otherwise affirmed January 19, petition for review denied May 5, 2011 (350 Or 297)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEREMY WADE VINEYARD,
*Defendant-Appellant.*

Josephine County Circuit Court
08CR0345, 08CR0297;
A140300 (Control), A140301

246 P3d 1178

Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for, among other things, two counts of first-degree burglary and two counts of felon in possession of a firearm. He raises three assignments of error on appeal: (1) the trial court erred in imposing consecutive sentences for the felon in possession convictions; (2) the trial court erred in entering two separate convictions on the felon in possession charges; and (3) the trial court erred in entering two separate convictions of first-degree burglary. We reject defendant's first two assignments of error without discussion and write only to address defendant's third assignment of error. As to that assignment, defendant contends that, under *State v. White*, 341 Or 624, 147 P3d 313 (2006), the trial court committed plain error when it entered two separate burglary convictions based on the same incident and differing only with respect to the crime that defendant was alleged to have intended to commit in the burglarized building. The state concedes that the record in this case "supports a finding of only a single entry into the victim's home" and that, under *White*, the trial court plainly erred in entering two separate burglary convictions. We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the error. *See State v. Sauceda*, 236 Or App 358, 239 P3d 996 (2010).

Reversed and remanded with instructions to enter a single conviction for first-degree burglary, reflecting that defendant was convicted on multiple theories, and for resentencing; otherwise affirmed.