Argued and submitted December 20, 2010, sentences vacated; remanded for resentencing; otherwise affirmed February 23, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DASAY LAMONTE HOLLINGQUEST,
aka Dasay Lamonte Hollinquest,
*Defendant-Appellant.*

Multnomah County Circuit Court
001239972; A138972

250 P3d 366

Mary M. Reese, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services. Dasay LaMonte Hollingquest filed the supplemental brief *pro se*.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant, who was convicted of first-degree manslaughter, ORS 163.118, and felon in possession of a firearm, ORS 166.270, argues that the trial court erred in failing to appropriately resentence him after a previous remand by this court. As explained below, we agree with defendant and remand for resentencing.

Defendant originally was sentenced in 2002. The trial court imposed an upward departure sentence of 240 months' imprisonment on the manslaughter conviction, based on judicial factfinding that defendant was on supervision at the time of the offense and that he had been persistently involved in similar offenses. The court further imposed a 36-month term of post-prison supervision (PPS). The court imposed a shorter, concurrent sentence on the felon in possession conviction. Defendant appealed, challenging his convictions and also arguing that the trial court had committed plain error in imposing a departure sentence based on facts not found by a jury beyond a reasonable doubt, and that it had erred in imposing the 36-month PPS term. We rejected defendant's arguments challenging his convictions without discussion, but agreed with defendant that the 36-month PPS term was erroneous, concluding that, because that error was "an error apparent on the face of the record [that] entitles defendant to resentencing," we did not need to address defendant's other argument concerning his sentence. *State v. Hollinquest*, 212 Or App 488, 489, 157 P3d 1238, *rev den*, 343 Or 224 (2007). Our dispositional statement said, in part, "sentences vacated; remanded for resentencing; otherwise affirmed." *Id.* at 490.

On remand, defendant raised the sentencing issue that we had not reached in his initial appeal, arguing that imposition of an upward departure sentence on the manslaughter conviction must be based on facts found by a jury beyond a reasonable doubt. *See Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). After lengthy debate, the trial court concluded that our remand merely required it to correct the identified error concerning the PPS term, and that it was free to reimpose the upward departure sentence based on its prior judicial factfinding of sentence

enhancement facts. The court therefore entered an amended judgment of conviction and sentence that deleted the erroneous PPS term but reimposed the upward departure sentence on the manslaughter conviction based on its earlier findings that defendant was on supervision at the time of the offense and that defendant had been persistently involved in similar offenses.

Defendant appeals, arguing that the trial court erred in imposing an upward departure sentence based on judicial factfinding. *See State v. Dilts*, 337 Or 645, 103 P3d 95 (2004) (*Blakely* precludes judicial factfinding in support of upward departure sentences under Oregon's sentencing guidelines). In response, the state argues that ORS 138.222(5)(a) did not require the court, on remand, to consider defendant's *Blakely*-based arguments, because defendant had not made those arguments at his original sentencing proceeding. As explained below, we disagree.

ORS 138.222(5)(a) provides, in part:

"The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. *If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case.*"

(Emphasis added.) The Oregon Supreme Court has discussed the meaning of the emphasized sentences of that statute in *State v. Edson*, 329 Or 127, 138-39, 985 P2d 1253 (1999):

"The third (and fourth) sentences of ORS 138.222(5) were added to the statute by Oregon Laws 1993, chapter 692, section 2. The history of that enactment establishes that the new statutory wording was independent of, and applied to a broader range of circumstances than, the second sentence of the statute. *See* Tape recording, House Appropriations— A Committee, SB 1043, July 26, 1993, Tape 164B at 384 (testimony of Representative Mannix that amendment was intended to require appellate court that finds error on one

of many convictions to remand entire case, so that trial court has the ability to reconsider whole sentencing 'package')."

In *Edson*, the trial court had erroneously imposed a restitution obligation despite a finding that the defendant lacked the ability to pay it. On appeal, we vacated the restitution award but otherwise affirmed. *State v. Edson*, 139 Or App 412, 912 P2d 423 (1996). The Oregon Supreme Court disagreed with this court's disposition, concluding that ORS 138.222(5)—and in particular the wording quoted above— gave this court "no other option" than "to reverse the sentence of the trial court and remand the entire case to that court for resentencing." 329 Or at 139.

Consistently with the holding in *Edson*, we have held on numerous occasions that we need not address each and every assignment of error pertaining to sentencing on appeal if we conclude that one of the errors is an error that requires plenary resentencing under ORS 138.222(5). *See, e.g.*, *State v. Sauceda*, 236 Or App 358, 362, 239 P3d 996 (2010) (after determining that error occurred that required resentencing, declining to review additional assignment of error concerning sentence as error apparent on the face of the record because "the trial court will have an opportunity [on remand for resentencing] to address that issue in the first instance"); *State v. Cortes*, 235 Or App 181, 230 P3d 102 (2010) (same); *State v. Davis*, 216 Or App 456, 474, 174 P3d 1022 (2007), *rev den*, 344 Or 401 (2008) (determining that sentencing court had erred in failing to entertain the defendant's *Blakely*-based challenge to an upward departure sentence after a remand for resentencing pursuant to ORS 138.222(5)); *State v. Smitherman*, 200 Or App 383, 114 P3d 540 (2005) (court did not consider asserted error concerning imposition of restitution, given the necessity of remanding pursuant to ORS 138.222(5) due to erroneously imposed departure sentence); *State v. Wilkins*, 175 Or App 569, 587, 29 P3d 1144, *rev den*, 333 Or 74 (2001) ("Given that the entire case must be remanded for resentencing, ORS 138.222(5), the court necessarily will have the opportunity to address defendant's [unpreserved] arguments as to the compensatory fine.").

■ Those cases, as well as the plain wording of ORS 138.222(5), make the outcome in this case clear: After this court remanded for resentencing pursuant to ORS 138.222(5)(a), the entire case was before the trial court for resentencing—that is, for imposition of new sentences—and the trial court had the authority to consider any and all arguments that defendant might choose to make concerning the constitutionality of the sentence that the court was being asked to impose. Nevertheless, because the trial court on remand struggled with this issue, and indicated some of its reasons why it did not consider defendant's constitutional challenges to the imposition of an upward departure sentence based on judicial factfinding, we address the trial court's concerns.

■ First, the trial court appears to have reasoned that, because the initial sentencing occurred before *Blakely* was decided, applying the rule of law announced in *Blakely* at a resentencing after remand would, in effect, be a "retroactive" application of *Blakely*. It is true that the rule of law announced in *Blakely* does not apply retroactively to cases *on collateral review*. *Schriro v. Summerlin*, 542 US 348, 124 S Ct 2519, 159 L Ed 2d 442 (2004); *Miller v. Lampert*, 340 Or 1, 125 P3d 1260 (2006). However, a remand for resentencing is not equivalent to collateral review; it is something that occurs in the course of a *direct review* of a criminal case. Newly announced principles of constitutional law are regularly applied in direct, as opposed to collateral, criminal proceedings. In short, when a criminal case is before a court for resentencing pursuant to ORS 138.222(5), the court must impose a sentence that is constitutional at the time of the resentencing—the law as of the date on which the defendant was initially sentenced is irrelevant.

Second, the trial court indicated a belief that, had this court intended it to consider defendant's *Blakely*-related arguments on remand, we would have addressed the merits of defendant's argument in the prior appeal, or at least would have specifically directed the trial court to consider that issue on remand. As a practical matter, this court occasionally— but not regularly—does the first, but virtually never does the second, of those things. Once we have identified a reversible error, we sometimes will identify and address an additional

error or errors that we deem "likely" to arise on remand. We did not do so in this case, and have not done so in other cases involving the constitutional right to jury factfinding on sentence enhancement facts, because it would be speculative to guess whether the state would seek a sentence enhancement at resentencing, or, if the state did so, whether the defendant would or would not waive the right to a jury determination of any facts relevant to that sentence enhancement. For the same reason, we would not specifically direct the court on resentencing to address a *Blakely* issue that had been raised on appeal; it is up to the parties to identify the pertinent issues that they want the sentencing court to address after a case is remanded for resentencing.

As noted, we conclude, based on ORS 138.222(5) and our case law, that the trial court had *authority* to consider defendant's constitutional arguments on remand. The question remains, however, whether the court had *discretion to refuse* to consider them. The state focuses on the legislature's use of the term "may" in several of the pertinent statutes as support for its contention that it was within the trial court's discretion to consider, or refuse to consider, defendant's constitutional argument. In particular, the state notes that, under ORS 138.222(5)(a), although "the appellate court *shall* remand the entire case for resentencing," on remand, the sentencing court "*may* impose a new sentence for any conviction in the remanded case." (Emphasis added.) To the extent that the state is arguing that the statute means that a sentencing court "may" impose a constitutionally infirm sentence on remand, the state is incorrect.

Although the use of the term "may" often is an indicator of judicial discretion, it cannot provide a court discretion to impose an unconstitutional sentence. As this court explained in *State v. Martin*, 221 Or App 78, 88, 188 P3d 432, *rev den*, 345 Or 418 (2008), although there is judicial discretion in the area of sentencing, it is bounded by administrative rules and statutes—and, as is the case here, by the constitutional constraints on a sentencing court concerning judicial factfinding. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) ("If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not

abuse its discretion."). Thus, the word "may," as used in ORS 138.222(5)(a), indicates that a court on resentencing has a significant amount of discretion in choosing among lawful sentences that may be imposed "for any conviction in the remanded case." Put differently: the court may impose the same sentence that it previously imposed—if such a sentence is legally permissible—or it may impose a different sentence—if a different sentence is legally permissible.

Similarly, ORS 136.792, which was enacted after *Blakely* was decided in order to provide for the empanelling of sentencing juries after remand of a case, also uses the word "may" in the context of indicating what a sentencing court on remand may do:

> "For the purpose of imposing a new sentence in a case that has been remanded to a trial court that will result in resentencing for which a new sentence has not been imposed prior to July 7, 2005, the court *may* impanel a new jury to determine the enhancement facts as defined in ORS 136.760."

(Emphasis added.) The use of "may" in that statute does not confer judicial discretion to refuse to entertain a defendant's argument that he is entitled on remand to have a sentencing jury determine enhancement facts. Rather, as we explained in *State v. Hylton,* 230 Or App 525, 529-30, 216 P3d 899, *rev den,* 347 Or 349 (2009):

> "It is apparent to us that a trial court's exercise of discretion not to impanel a new jury on remand properly can rest on any of several circumstances or factors. For example, whether a case is remanded only for resentencing or for both retrial and resentencing, a defendant may waive his or her right to jury trial on an enhancement fact, may admit the fact, or may elect to have the enhancement fact tried to the court. *See* ORS 136.770 (providing that submission of enhancement fact to jury is required unless the defendant chooses one of those alternatives). Alternatively, under ORS 136.776, a written waiver of jury trial on the issue of guilt constitutes a waiver of the right to jury trial on enhancement facts; that circumstance may arise when a case is remanded for both retrial and resentencing. *In all cases of remands requiring resentencing, however, the undisputed purpose of ORS 136.760 to 136.792 is to safeguard a defendant's Sixth Amendment right to jury trial on sentence enhancement facts.*"

(Emphasis added.) In *Hylton*, we went on to explain that the defendant there, who had already had a jury determine sentence enhancement facts, was not entitled, under ORS 136.792, to a redetermination of the same sentence enhancement facts by a second jury. *Id.* at 530. Rather, in that circumstance, because the defendant's constitutional right to a jury determination of sentence enhancement facts had already been satisfied, the trial court was able "to rely on findings made by the original jury in the case." *Id.*

That is not the case here. In this case, defendant's initial departure sentence was based on judicial factfinding, not on facts found by a jury beyond a reasonable doubt, as required by *Blakely*. In circumstances such as these, when a case is remanded for resentencing, ORS 136.792 comes into play, and if a sentence is to be based on sentence enhancement facts, a sentencing jury must be empanelled unless the facts in question have previously been found by a jury beyond a reasonable doubt, or the defendant "waive[s] his or her right to jury trial on an enhancement fact, * * * admit[s] the fact, or * * * elect[s] to have the enhancement fact tried to the court." *Hylton*, 230 Or at 530.

Sentences vacated; remanded for resentencing; otherwise affirmed.