Submitted February 8, reversed and remanded for resentencing; otherwise affirmed March 14, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**HOMER DAVID SARTIN, JR.,**
*Defendant-Appellant.*

Yamhill County Circuit Court
CR100076; A147700

274 P3d 259

Garrett A. Richardson filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Duncan, Judge, and Rasmussen, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427, and four counts of invasion of personal privacy, ORS 163.700. On appeal, defendant first contends that the trial court plainly erred in imposing concurrent terms of 75 months' incarceration, plus 10 years' post-prison supervision, on each of the two sexual abuse counts. The state concedes that error and, as explained below, we accept the state's concession, exercise our discretion to correct the error, and remand for resentencing. Defendant also argues that the court erred in giving a nonunaimous jury instruction. We reject that argument without further discussion. *See, e.g., State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009).

Under ORS 144.103(1), a defendant sentenced to a term of imprisonment for committing certain sexual offenses, including first-degree sexual abuse, "shall serve a term of post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." The maximum statutory indeterminate sentence for first-degree sexual abuse, a Class B felony, is 10 years. ORS 163.427(2); ORS 161.605(2). Thus, it follows that the court erred in imposing a 10-year period of post-prison supervision. We have previously treated similar errors as apparent on the face of the record. *See, e.g., State v. Johnson*, 212 Or App 135, 157 P3d 295 (2007) (holding that imposition of excessive term of post-prison supervision under ORS 144.103 was plain error). Moreover, for the reasons we articulated in *State v. Johnson*, 220 Or App 504, 507-08, 187 P3d 742 (2008), we elect to exercise our discretion to correct the error.

The remaining question is disposition. The state argues that instead of remanding the case for resentencing, as defendant requests, we need only remand for entry of a corrected judgment. We have previously rejected that argument in this context, *see, e.g., State v. Angell*, 200 Or App 244, 246-47, 113 P3d 988 (2005), and we decline to revisit it here.

Reversed and remanded for resentencing; otherwise affirmed.