Submitted May 15, remanded for resentencing; otherwise affirmed June 13, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NATHAN JAMES RENNER,
*Defendant-Appellant.*

Marion County Circuit Court
09C49020; A147957

280 P3d 1043

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment revoking his probation and imposing sentence on his convictions for three counts of attempted first-degree sexual abuse (Counts 1, 2, and 5) and one count of attempted first-degree sodomy (Count 6). He contends that the sentences that the court imposed are unlawful because, in each instance, the term of post-prison supervision (PPS), when added to the term of incarceration, exceeds the maximum statutory indeterminate sentence for the offense. Defendant acknowledges that he did not preserve his claim of error before the trial court but requests that we review it as plain error under ORAP 5.45(1).

ORS 144.103(1) provides that, for certain sexual offenses, including attempted first-degree sexual abuse and attempted first-degree sodomy, the defendant "shall serve a term of post-prison supervision that continues until the term of post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." *See also* OAR 213-005-0002(2)(b)(C) (duration of term of PPS is as designated in ORS 144.103).

We begin with defendant's challenge to his sentences for attempted first-degree sexual abuse. Attempted first-degree sexual abuse is a Class C felony. ORS 163.427; ORS 161.405(2)(c). Class C felonies carry a maximum indeterminate sentence of five years. ORS 161.605(3). Therefore, under ORS 144.103(1), the maximum total sentence—that is, prison term and PPS—that can lawfully be imposed on each of defendant's convictions for attempted first-degree sexual abuse is 60 months. However, the court imposed a total sentence of 120 months on each of those convictions—specifically, two months' imprisonment and 118 months' PPS on Count 1; 18 months' imprisonment (consecutive to Count 1) and 102 months' PPS on Count 2; and 22 months' imprisonment (consecutive to Counts 1 and 2) and 98 months' PPS on Count 5. The state concedes that that constitutes plain error. We agree and exercise our discretion to remedy the error. *See, e.g., State v. Sartin,* 248 Or App 748, 274 P3d 259 (2012).

Because that error requires the entire case to be remanded for resentencing, ORS 138.222(5)(a); *State v. Angell*, 200 Or App 244, 247, 113 P3d 988 (2005), we need not address defendant's unpreserved argument that the trial court likewise erred in imposing sentence on his attempted first-degree sodomy conviction.[1] *See State v. Hollingquest*, 241 Or App 1, 5, 250 P3d 366 (2011) ("[W]e have held on numerous occasions that we need not address each and every assignment of error pertaining to sentencing on appeal if we conclude that one of the errors is an error that requires plenary resentencing under ORS 138.222(5)."); *see, e.g., State v. Sauceda*, 236 Or App 358, 362, 239 P3d 996 (2010); *State v. Cortes*, 235 Or App 181, 230 P3d 102 (2010); *State v. Davis*, 216 Or App 456, 474, 174 P3d 1022 (2007), *rev den*, 344 Or 401 (2008); *State v. Smitherman*, 200 Or App 383, 114 P3d 540 (2005); *State v. Wilkins*, 175 Or App 569, 587, 29 P3d 1144, *rev den*, 333 Or 74 (2001).

Remanded for resentencing; otherwise affirmed.

---

[1] The state does not concede that the trial court erred in imposing sentence with respect to that conviction. Given our remand, the trial court will have an opportunity to address that issue in the first instance.