Submitted September 16; remanded for resentencing, otherwise affirmed October 19, 2016; petition for review denied January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALLAN RALPH EVANS,
*Defendant-Appellant.*

Multnomah County Circuit Court
140331154; A158672

383 P3d 444

Ernest G. Lannet, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of sexual abuse in the first degree, ORS 163.427, raising four assignments of error. We reject the first three assignments without discussion[1] and write only to discuss defendant's fourth assignment of error. In that assignment, defendant contends that the trial court erred by imposing terms of post-prison supervision (PPS) that exceeded the statutory maximum for the offense and requests that we exercise our discretion to correct that unpreserved claim of error as plain error. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). The state concedes the error and agrees that we should remand for resentencing based on that assignment of error. We agree, accept the state's concession, and exercise our discretion to correct the error.

After finding defendant guilty of two counts of first-degree sexual abuse, the court sentenced defendant to 75 months' imprisonment and 120 months' PPS on each count. Subject to some exceptions not relevant here, ORS 144.103(1) provides that, when a person is sentenced to a term of imprisonment for committing, among other crimes, first-degree sexual abuse, the person "shall serve a term of active post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." In other words, the aggregate of the prison term and PPS term must not exceed the maximum statutory indeterminate sentence for the offense. First-degree sexual abuse is a Class B felony, ORS 163.427(2), which carries a maximum statutory indeterminate sentence of 10 years, ORS 161.605(2). Accordingly, defendant's aggregate sentences—including prison term and PPS term—should not have exceeded 10 years, or 120 months. Instead, the court imposed a prison term of 75 months and a term of PPS of 120 months on each count.

---

[1] Those assignments assert that the trial court erred by excluding evidence that defendant denied the sexual abuse allegations when asked about them by an investigating police officer, and plainly erred by failing to strike *sua sponte* the testimony of a witness as impermissible vouching and by failing to merge the two counts of first-degree sexual abuse.

It follows that defendant's sentences exceed the statutory maximum by 75 months.

We have previously treated similar errors as apparent on the face of the record. *See, e.g., State v. Renner*, 250 Or App 471, 280 P3d 1043 (2012) (holding that imposition of excessive term of post-prison supervision under ORS 144.103 was plain error); *State v. Sartin*, 248 Or App 748, 274 P3d 259 (2012) (same). Moreover, for the reasons expressed in *State v. Ramos*, 254 Or App 748, 749, 295 P3d 176 (2013)—namely, that, "because the error could have a significant effect on defendant's sentence, it can be corrected with a minimum of judicial resources, and the state has no interest in defendant serving an unlawful sentence"—we exercise our discretion to correct it.

Remanded for resentencing; otherwise affirmed.