Argued and submitted February 22, sentences vacated; remanded for resentencing; otherwise affirmed May 31, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## PAUL FRANCIS BUEHLER,
*Appellant.*

## 20-04-01032; A126265

136 P3d 64

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.*

LANDAU, P. J.

---

* Ortega, J., *vice* Ceniceros, S. J.

## LANDAU, P. J.

Defendant pleaded guilty and was convicted of one count of delivery of marijuana for consideration, *former* ORS 475.992(2)(a) (2003), *renumbered as* ORS 475.860(2) (2005), and one count of unlawful possession of a controlled substance, *former* ORS 475.992(4)(a) (2003), *renumbered as* ORS 475.840(3)(a) (2005). On appeal, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in imposing upward dispositional departure sentences based on facts that defendant did not admit and that were not found by a jury. The state argues that the rule from *Apprendi* and *Blakely* does not apply in these circumstances because the departure sentences were merely dispositional and, as a result, were within the prescribed statutory maximum. We conclude that *Apprendi* and *Blakely* do apply and that, under those cases, defendant's sentences were unconstitutional; accordingly, we vacate defendant's sentences and remand for resentencing, but otherwise affirm.

Given defendant's criminal history at the time of sentencing, the presumptive sentences for his convictions were 24 months' probation for the first count and 18 months' probation for the second count. The trial court imposed dispositional departure sentences of six months' imprisonment plus 24 months' post-prison supervision on the first count, and, concurrently, six months' imprisonment plus 12 months' post-prison supervision on the second count. The trial court based the dispositional departures on its findings that defendant was on probation at the time of the offenses and that defendant was persistently involved in similar offenses. The trial court did so over defendant's objection that, under *Apprendi* and *Blakely*, the imposition of departure sentences based on the court's findings of aggravating factors violated his jury trial right.

On appeal, defendant renews his argument that the departure sentences were unconstitutional for the reasons set forth in *Apprendi* and *Blakely*. The state responds that *Apprendi* and *Blakely* are not applicable to the facts of this

case because the departures imposed by the trial court were only dispositional—that is, a shift from a probationary sentence to imprisonment. As a result, the state argues, the sentences did not exceed the maximum sentences already allowed under the sentencing guidelines. The state reasons that every presumptive probationary sentence inherently includes the possibility of a prison term because, under the guidelines, a trial court retains the statutory authority to revoke the probation of an offender who violates probation and to sentence that person to as much as six months' imprisonment plus 24 months' post-prison supervision.

On that basis, the state argues that, where the presumptive sentence is nominally probation, the actual maximum statutory sentence is—at least for purposes of *Apprendi*—not the probation sentence alone but the probationary sentence plus the six months' imprisonment and 24 months' post-prison supervision that a court is also authorized to impose should the court decide to revoke probation. It follows, argues the state, that the sentences that the trial court imposed in this case did not run afoul of *Apprendi* because they were within the maximum sentence that defendant might have received had his probation later been revoked by the court.

Defendant rejoins that *Apprendi* is applicable because, notwithstanding whatever authority the trial court may have to *later* revoke probation and impose imprisonment, the sentence that the trial court imposed was greater than what it could have imposed without making additional factual findings. We agree with defendant.

Under *Apprendi*, a defendant has a constitutional right to have any fact, other than the fact of a prior conviction, that increases the defendant's sentence beyond the statutory maximum tried to a jury and proved beyond a reasonable doubt. In *Blakely*, the court explained that for purposes of *Apprendi*, "statutory maximum" means

"the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose

> after finding additional facts, but the maximum he [or she] may impose *without* any additional findings."

542 US at 303 (citations omitted; emphasis in original). The issue before us in this case, therefore, is simply whether the sentences that the judge imposed were within the "statutory maximum," as that term is defined in *Blakely*. After reviewing the applicable sentencing scheme, we readily conclude that those sentences exceeded the statutory maximum and were thus erroneous.

OAR 213-010-0001 provides that a trial court may, in its discretion, revoke an offender's probation if it finds that the offender has either (1) violated the terms of his probation, or (2) participated in "new criminal activity" since being put on probation. A court's authority to revoke probation is therefore entirely contingent on the existence of facts that, by their nature, can occur only *after* the offender has already been sentenced to probation. At the time of sentencing, therefore, if the presumptive sentence is probation, then the relevant statutory maximum, as that term is defined in *Blakely*, is the appropriate period of probation, and nothing more. At that point, the court lacks the authority to impose anything more in the absence of additional factfinding related to aggravating factors. OAR 213-008-0001. Such factfinding must conform to the requirements elucidated in *Blakely* and *Apprendi*. That is not what occurred here. The trial court therefore erred in imposing the dispositional departure sentences.

Sentences vacated; remanded for resentencing; otherwise affirmed.