Submitted September 27, 2007, affirmed July 2, petition for review denied
November 26, 2008 (345 Or 418)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JUSTIN JOE MARTIN,
*Defendant-Appellant.*

Marion County Circuit Court
03C-40842, 04C-41831;
A129854 (Control), A129855

188 P3d 432

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and John L. Susac, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

Sercombe, J., concurring.

## WOLLHEIM, J.

Defendant appeals a judgment revoking his probation, arguing that the trial court erred in revoking his probation based only on its finding that he was not benefitting from probation. Defendant acknowledges that he did not preserve the asserted error in the trial court but contends that we should review it as error apparent on the face of the record. ORAP 5.45(1). As we explain, the asserted error is not reviewable because the legal point is not obvious; rather, it is reasonably in dispute. Accordingly, we affirm.

The relevant facts are undisputed. Defendant pleaded guilty to two counts of attempted sexual abuse in the first degree, ORS 161.405 and ORS 163.427, and was sentenced to 60 months' probation. The conditions of probation included "not hav[ing] contact with male or female persons under the age of 14." The state subsequently sought an order revoking defendant's probation on the grounds that (1) defendant had had contact with minors, and (2) defendant was not benefitting from probation.

At the probation revocation hearing, the trial court found that the state had failed to prove that defendant had been in contact with minors. However, the court found that defendant was "not benefitting from his probation." On that ground alone, the court concluded that defendant violated his probation, revoked probation, and sentenced him to the custody of the Department of Corrections.

On appeal, defendant argues, for the first time, that, pursuant to OAR 213-010-0001, the court has authority to revoke probation only if it concludes that defendant violated a condition of probation or participated in new criminal activity. Because neither prerequisite was met here, defendant argues that the trial court erred in revoking his probation based only on its finding that defendant was not benefitting from probation. Defendant acknowledges that he failed to preserve that contention, but he urges this court to review it as plain error. ORAP 5.45(1).

As a general rule, a claim of error must be preserved in the trial court to obtain our review. However, pursuant to

ORAP 5.45(1), appellate courts have discretion to consider errors of law that are "apparent on the face of the record." For an error to be "apparent on the face of the record," *i.e.*, plain error, the error must satisfy three criteria: (1) it must be an error of law; (2) it must be "apparent," meaning the legal point must be obvious, that is, "not reasonably in dispute"; and (3) it must appear on the face of the record, meaning the court need not go outside the record or choose between competing inferences to identify the error. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If those three criteria are satisfied, we must then determine whether to exercise our discretion to consider the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). That decision "should be made with utmost caution" because reviewing unpreserved errors is "contrary to the strong policies requiring preservation and raising of error." *Id.*

■      Here, the parties' arguments focus on the second plain error requirement—whether the asserted error is "obvious, not reasonably in dispute." *Brown*, 310 Or at 355. Defendant posits that, pursuant to OAR 213-010-0001 and *State v. Buehler*, 206 Or App 167, 136 P3d 64 (2006), it is obvious that the trial court erred in revoking his probation. According to defendant, "a trial court's authority to revoke probation is contingent upon it first making a valid determination that the offender either violated a condition of his probation or participated in new criminal activity. Absent that initial determination, the trial court has no authority to revoke the offender's probation." (Citation omitted.) The state responds that the claimed error is not "obvious" because the proper construction of OAR 213-010-0001 is reasonably in dispute. We agree with the state.

OAR 213-010-0001 provides:

"The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."

According to defendant, the language of OAR 213-010-0001 is plain. To illustrate that point, defendant relies on *Buehler* in which we stated, "OAR 213-010-0001 provides that a trial court may, in its discretion, revoke an offender's

probation if it finds that the offender has either (1) violated the terms of his probation, or (2) participated in 'new criminal activity' since being put on probation." 206 Or App at 171.

In *Buehler*, however, as the state points out, the issue was not whether OAR 213-010-0001 precludes revocation of probation on any basis other than a violation of a condition of probation or participation in new criminal activity. In *Buehler*, the issue was whether the trial court's upward dispositional departure sentence was within the "statutory maximum," as that term is defined in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). The state argued that the "statutory maximum" includes a "probationary sentence plus the six months' imprisonment and 24 months' post-prison supervision that a court is also authorized to impose should the court decide to revoke probation." *Buehler*, 206 Or App at 170. It was in that context that we cited OAR 213-010-0001 to emphasize that "[a] court's authority to revoke probation is therefore entirely contingent on the existence of facts that, by their nature, can occur only *after* the offender has already been sentenced to probation." *Id*. at 171 (emphasis in original). Based on that reasoning, we concluded that "if the presumptive sentence is probation, then the relevant statutory maximum, as that term is defined in *Blakely*, is the appropriate period of probation, and nothing more." *Id*. Accordingly, *Buehler* does not resolve to any extent—much less beyond reasonable dispute—the legal point raised here.

In the state's view, OAR 213-010-0001 can reasonably be interpreted to grant the trial court discretion to revoke probation if it finds that the offender is not benefitting from probation, because the first clause of OAR 213-010-0001 indicates that "[t]he decision to revoke probation is discretionary." Because OAR 213-010-0001 does not expressly indicate that the two grounds listed in the rule are the only grounds for revocation, the state argues that "it is reasonable to read the rule as not prescribing the *exclusive* grounds for revocation but, instead, merely stating *permissive* grounds for revocation." (Emphases in original.) The state's reading of OAR 213-010-0001, regardless of whether it is ultimately correct or incorrect, is at least plausible.

Another factor also suggests that the legal point at issue here is reasonably in dispute. Historically, a finding that a person is not benefitting from probation has been recognized as a basis for revoking probation. In *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964), the Supreme Court explained, "It is not necessary to revocation that the person on probation be convicted of a new crime, but only that the trial judge be satisfied that the purposes of probation are not being served, or that the terms thereof have been violated." The reasoning in *Barker* appears to be based on the legislative intent of *former* ORS 137.550 (1963), *renumbered as* ORS 137.545 (1999).[1] *See Barker*, 238 Or at 3-4.

Although *Barker*'s interpretation of *former* ORS 137.550 is not controlling, it is relevant in determining the meaning of OAR 213-010-0001.[2] Specifically, the legislature in approving OAR 213-010-0001 may have intended to supplement the Supreme Court's interpretation of *former* ORS 137.550 in *Barker* or may have intended to overrule it. That inquiry is not resolved by looking only at the text of OAR 213-010-0001. The concurrence dismisses *Barker* on the ground that it was decided under a statutory context that "is different" from the statutory context at play in this case. 221 Or App at 90 (Sercombe, J., concurring). The concurrence does not explain why the subsequent enactment of OAR 213-010-0001 makes the Supreme Court's holding in *Barker* a nullity. We need not make that determination here, where, in the context of an unpreserved claim of error, the question before us is whether the legal point raised is "obvious," that is, "not reasonably in dispute." *Brown*, 310 Or at 355. In that context, we conclude that *Barker* is further evidence of a reasonable dispute as to whether the trial court erred in revoking defendant's probation in this case.

---

[1] *Former* ORS 137.550 (1963) was also amended several times before it was renumbered in 1999. *See* Or Laws 1965, ch 346, § 2; Or Laws 1971, ch 743, § 326; Or Laws 1987, ch 908, § 1; Or Laws 1989, ch 790, § 17; Or Laws 1991, ch 196, § 2; Or Laws 1993, ch 14, § 12; Or Laws 1993, ch 581, § 2; Or Laws 1993, ch 680, § 17; Or Laws 1997, ch 313, § 11; Or Laws 1999, ch 614, § 2.

[2] OAR 213-010-0001 was adopted as *former* OAR 253-010-0001 by the State Sentencing Guidelines Board in 1988 and approved by the Legislative Assembly in 1989.

We need not resolve whether the trial court was authorized to revoke defendant's probation based on its finding that defendant was not benefitting from probation. The question before us is only whether the legal point is open to reasonable dispute. Given that (1) defendant's reliance on *Buehler* as controlling authority is misplaced; and (2) the state's contrary construction of OAR 213-010-0001, whether correct or incorrect, is reasonable, we conclude that there is a reasonable dispute whether the trial court's revocation in this case was error.[3] Because the legal point raised is not obvious, the error, if any, is not plain and we therefore cannot review it.

Affirmed.

**SERCOMBE, J.,** concurring.

The majority opinion concludes that any error in revoking defendant's probation was not plain because the

---

[3] After this case was submitted on the briefs, we asked the parties to file supplemental memoranda specifically addressing whether ORS 137.545(1) and (5)(b) limit the trial court's authority to revoke probation to only the circumstances in OAR 213-010-0001. Both ORS 137.545(1) and (5)(b) grant courts a considerable amount of discretion with respect to probation. ORS 137.545(1) grants courts discretion to determine the length of probation by setting the initial period of probation and discretion to continue or extend it, ORS 137.545(1)(a), and discretion to discharge probation "at any time," ORS 137.545(1)(b). Likewise, ORS 137.545(5)(b) authorizes courts to impose sanctions after it has revoked probation.

Defendant's response to our request sheds additional light on the inquiry at hand. Defendant acknowledges that neither ORS 137.545(1) nor (5)(b) limits a court's authority to revoke probation to only the circumstances in OAR 213-010-0001. Instead, defendant argues that other statutes—specifically, ORS 137.010(1) and ORS 137.540(6)—limit the court's authority to revoke probation to the circumstances in OAR 213-010-0001.

ORS 137.010(1) provides:

"The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section or, for felonies committed on or after November 1, 1989, in accordance with rules of the Oregon Criminal Justice Commission unless otherwise specifically provided by law."

ORS 137.540(6) provides:

"Failure to abide by all general and special conditions imposed by the court * * * may result in arrest, modification of conditions, revocation of probation or imposition of structured, intermediate sanctions in accordance with rules adopted under ORS 137.595."

We are not persuaded that either ORS 137.010(1) or ORS 137.540(6) conclusively limits the trial court's revocation authority to only OAR 213-010-0001. However, more importantly, defendant's response supports our ultimate conclusion that the legal point defendant raises is reasonably in dispute.

revocation authority of the trial court under OAR 213-010-0001 is not apparent and could be disputed. 221 Or App at 84. In my view, the rule indisputably confines the authority of the trial court to revoke probation to circumstances not present in this case. However, despite the trial court's error in exceeding its authority under the rule, the court should not exercise its discretion to reverse the probation revocation judgment. Defendant's failure to object to the state's motion to revoke probation because "the defendant is not benefitting from probation," likely affected the nature of the charges and the evidence presented at the probation violation hearing. It would not be just to allow defendant to contest the sanction or revocation because the proceedings were narrowed by his omission. Because of that, I would conclude that this is not a case in which the court properly should exercise its discretion to consider the plain error and, therefore, concur in affirming the judgment.

On February 11, 2004, defendant was sentenced to 60 months' probation for his conviction of two counts of attempted sexual abuse in the first degree, ORS 163.427. His conditions of probation, among other restrictions, required defendant to take polygraph examinations "early in his intervention to properly plan his treatment regimen." The conditions also forbade defendant from having "contact with male or female persons under the age of 14" and from engaging "in activities that will bring him in close contact with children." More particularly, Condition 21 required:

> "The offender will not frequent places where children or large numbers of people congregate, i.e., parks, playgrounds, schools, etc., until his actual range of deviant interest can be ascertained. This may be altered following the completion of the full disclosure polygraph procedure."

Defendant was sanctioned with 60 days in jail in October 2004 because of an admitted violation of the conditions on associating with minors and his probation was continued.

The current proceedings arose from claimed associations with children by defendant at the Salem transit mall. The state moved to show cause why defendant's probation should not be revoked because defendant "had contact with minors" and was "not benefitting from probation." There was

indirect evidence at the hearing that defendant met with children. There was, however, uncontroverted evidence that defendant had not taken the polygraph examination required by his conditions of probation. Following presentation of the evidence, defendant's counsel argued that the "contact with minors" charge was not proved and that defendant was employed and in a position to comply with his probation conditions. The trial court revoked the probation and stated:

> "[W]hat bothers me the most is it appears to me [defendant's] attitude that he's always going to ask after the fact. If he had taken a full disclosure polygraph * * * he could have then asked, 'Can I work at the State Fair?' 'Can I go to the transit mall?' 'Can I ride the buses?' 'Can I be around 14-year-olds?' But you didn't do that.

> "And so my finding today is going to be, I'm going to find that—based upon the fact that it is hearsay within hearsay, I'm going to find that the State has not proven the contact with the minors, but I am going to find that [defendant] is not benefitting from his probation, based upon a preponderance of the evidence and the testimony here today, and the evidence in the file. Therefore, I'm going to find him in violation of his probation on one count."

Defendant argues in his appeal that the trial court erred in revoking his probation because of its finding that he was not benefitting from probation. Defendant contends that the trial court's authority to revoke probation is limited by OAR 213-010-0001, which provides:

> "The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."

Defendant reads the rule to state the only circumstances in which the court may exercise its discretion to revoke probation and not to include the circumstance of defendant's lack of benefitting from probation.

The state contends that this issue was not preserved under ORAP 5.45(1), which provides that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *, provided

that the appellate court may consider an error of law apparent on the face of the record." Defendant failed to object to the state's motion to revoke probation on the ground that he was not benefitting from probation and admits that the issue was not preserved. However, defendant contends that the error is apparent on the face of the record.

The majority correctly recites the test for plain error under *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990): (1) the error must be one "of law"; (2) it must be "not reasonably in dispute"; and (3) it must appear on the face of the record. 221 Or App at 80-81. The trial court's error in failing to apply OAR 213-010-0001 is apparent from the record on review. But the majority concludes that the meaning of OAR 213-010-0001 is reasonably in dispute and, thus, that defendant is not aided by the plain error doctrine. The majority reasons that, because the rule does not "expressly indicate that the two grounds listed in the rule are the only grounds for revocation," it could mean that the grounds are permissive rather than exclusive in nature. 221 Or App at 82. Moreover, the majority cites case law upholding probation revocation for lack of benefit from probation, albeit under different statutes and rules. Those arguments create, according to the majority, a reasonable dispute about the meaning of the rule. 221 Or App at 83.

I disagree with that conclusion. The meaning of the rule is plain—the only bases for revocation of probation are (1) a violation of the stated conditions of probation or (2) participation in new criminal activity. The court's past authority under superseded statutes and rules is irrelevant to our understanding of the meaning of the rule.

The rule's effect is obvious from its text and context, as well as from statutes that authorize the rule and otherwise frame a trial judge's authority regarding probation decisions. Again, the text of OAR 213-010-0001 provides:

"The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."

The sentence in the rule contains a single subject ("the decision to revoke probation") and two predicates ("is discretionary" and "may be exercised upon a finding"). Both predicates describe the decision to revoke probation. It is apparent, then, that a decision to revoke probation may be exercised only when a finding is made.

The state argues that the rule does not limit the discretion of the judge in the revocation of probation at all, but only states examples of the types of reasons that would justify that sanction. In other words, the state construes the rule as open-ended, allowing probation revocation for any reason, including the two reasons specified in the rule. That construction is plainly inconsistent with the text of the rule. Why require a finding in order to revoke probation if any determination will suffice? The requirement that a finding be made necessarily implies that something is to be determined. The only reasonable reading of the rule is that the necessary determinations are those stated in the rule itself.

Moreover, the reasons for revocation that are stated in the rule are not particular, but are very broad categories of reasons—failure to comply with any condition of probation and commission of any new crime. The rule does not state discrete justifications for revocation of probation as examples of an open-ended grouping, such as failure to remain in the state or possessing a firearm.[1] The breadth of the categories of revocation justifications stated in the rule necessarily implies that those categories are intended to be exclusive in nature.

A reading of the rule as close-ended and confining of judicial discretion is consistent with statutes that authorize and limit judicial decisions about sentencing and probation. Both ORS 137.010(1) and ORS 137.120(2) confine judicial discretion to pass or impose sentence for a conviction of a felony "in accordance with rules of the Oregon Criminal Justice Commission." OAR 213-010-0001 was adopted together with

---

[1] ORS 137.540(1) lists a number of mandatory conditions of probation that are imposed unless specifically deleted by the court, including requirements that the probationer "[r]emain in the State of Oregon until written permission to leave is granted" and "[n]ot possess weapons, firearms or dangerous animals." ORS 137.540(1)(e), (L).

OAR 213-010-0002 to regulate judicial discretion in the making of probation revocation decisions.[2] In *State v. Hoffmeister*, 164 Or App 192, 196-97, 990 P2d 910 (1999), we concluded that OAR 213-010-0002 limits the authority of a sentencing court to impose sanctions on offenders when probation is revoked, while also describing OAR 213-010-0001 as a limitation on judicial discretion:

> "The trial court retains the discretionary authority to revoke a probationary sentence for cause. OAR 213-010-0001. Similarly, the trial court retains limited authority to impose sanctions on offenders when probation is revoked. OAR 213-010-0002."

We similarly described OAR 213-010-0001 as a limitation on judicial discretion to revoke probation in *State v. Buehler*, 206 Or App 167, 136 P3d 64 (2006). As noted by the majority, *Buehler* did not decide the issue in this case—whether OAR 213-010-0001 confines judicial discretion to revoke probation to just the circumstances described in the rule. *Buehler* did decide, however, that OAR 213-010-0001 was a restriction on judicial discretion and that the rule narrowed revocation authority to be exercised based on "the existence of facts that,

---

[2] OAR 213-010-0001 and OAR 213-010-0002 (*former* OAR 253-10-001 and *former* OAR 253-10-002) were adopted in 1988 by the State Sentencing Guidelines Board, a predecessor to the Oregon Criminal Justice Commission, as part of a package of rules on the implementation of the sentencing guidelines. The rules were approved by the Legislative Assembly. Or Laws 1989, ch 790. OAR 213-010-0002 provides:

**"Revocation Sanctions**

"(1) For those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months.

"(2) For those offenders whose probationary sentence was either a departure from a presumptive prison sentence or a sentence imposed pursuant to OAR 213-005-0006, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months. For those presumptive prison terms 12 months or less, the sentence upon revocation shall be to the supervisory authority, up to the maximum presumptive prison term.

"(3) Notwithstanding (2) of this rule, if a probation sentence is revoked under ORS 137.712(5), the court shall impose the presumptive prison term.

"(4) When imposing a revocation sanction, the sentencing judge shall also set a term of post-prison supervision in accordance with OAR 213-005-0002.

"(5) No revocation sanction may exceed the limitations established by this rule."

by their nature, can occur only *after* the offender has already been sentenced to probation." *Id.* at 171 (emphasis in original). That view of OAR 213-010-0001 differs from the reading of the rule advanced by the state, that the rule codifies the unfettered discretionary authority of a trial court to revoke probation for any reason and on any set of facts.

The Legislative Assembly expressly made certain judicial decisions about probation discretionary and not contingent on predicate facts or determinations. A period of probation "may, in the discretion of the court, be continued or extended." ORS 137.545(1)(a). ORS 137.545(1)(b) allows discharge from probation by a court without any qualification of that authority. ORS 137.540(7) provides that the "court may at any time modify the conditions of probation." By contrast, ORS 137.540(6) makes revocation of probation a consequence of "[f]ailure to abide by all general and special conditions imposed by the court." That statutory context makes it more likely that OAR 213-010-0001 was intended to limit judicial discretion to revoke probation. That statutory context is different from the older and superseded statutes that provided bases for the court's conclusion in *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964), that probation may be revoked if the trial judge is satisfied that "the purposes of probation are not being served."

Based on the text and context of the rule, I conclude that OAR 213-010-0001 plainly limits the exercise of judicial discretion in revoking probation and confines that discretion to the prerequisites stated in the rule. The trial court erred in revoking defendant's probation for a reason other than one allowed under OAR 213-010-0001. That error of law appears from the record and is not reasonably in dispute under ORAP 5.45. That conclusion, however, does not end the inquiry. Our consideration of plain error is itself discretionary and depends on, among other factors,

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in

another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

The ends of justice would not be served in this case by reversal and remand for further revocation proceedings. The undisputed evidence below was that defendant had not complied with a condition of probation that he submit to polygraph examinations "early in his intervention to properly plan his treatment regimen." That violation had continued for 18 months by the time of the revocation hearing. The failure to take a polygraph examination prompted the trial court to conclude that the purposes of probation were not being served and to revoke probation. Were the court to consider the question again, that violation of probation would almost certainly prompt the same result. It does not serve the ends of justice to remand for an unnecessary hearing. *State v. Ramirez*, 343 Or 505, 514, 173 P3d 817 (2007) (*Ailes* discretion should not be exercised to provide unnecessary hearing on remand). Moreover, had defendant objected to the state's motion to revoke probation because the purposes of probation were not being served, the violation of the polygraph condition could have been asserted as a basis for revocation of probation. Where defendant's own failure to object likely affected the scope of the proceedings and the record, it would not be just to allow defendant to avoid probation revocation because of deficiencies in the charges or the evidence to justify probation revocation.

For those reasons, I concur in affirming the judgment under review.