Submitted April 26; remanded for resentencing, otherwise affirmed
June 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KELLY RAY CHAPMAN,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF150138; A159653

395 P3d 84

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Haselton, Senior Judge.

**PER CURIAM**

Defendant appeals a judgment of conviction for coercion, ORS 163.275, and menacing, ORS 163.190. On the coercion charge, the trial court sentenced defendant to 60 months' imprisonment and 60 months of post-prison supervision "minus time actually served pursuant to ORS 144.103." On appeal, defendant raises two assignments of error with respect to his sentence. In his first assignment, he contends that the court "erred in imposing a departure sentence based on the aggravating factor that he committed another crime in order to evade criminal sanctions." In his second assignment of error, defendant asserts that the trial court committed plain error by imposing the post-prison supervision term on the coercion conviction. *See* ORAP 5.45(1); *see also* OAR 213-005-0002(4).

As to defendant's second assignment of error, the state concedes that "ORS 144.103 does not apply to coercion offenses, and defendant's post-prison supervision term was unlawfully indeterminate and resulted in a sentence that was excessive on its face." We agree, and accept the state's concession. *See State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010). Furthermore, the state agrees that, as a result of that error, we should remand the case for resentencing. In light of the gravity of the error and the interests of justice, we conclude that it is appropriate to exercise our discretion to correct the error and, accordingly, we agree that the case must be remanded for resentencing. *See Mitchell*, 236 Or App at 256 (exercising discretion to correct similar error).

Because we must remand the entire case for resentencing as a result of our disposition of defendant's second assignment of error, *see* ORS 138.222(5)(a), we need not address his first assignment.

Remanded for resentencing; otherwise affirmed.