PER CURIAM
*460Defendant was convicted of first-degree assault, ORS 163.185, (Count 1), two counts of assaulting a public safety officer, ORS 163.208, (Counts 4 and 6), second-degree escape, ORS 162.155, (Count 5), unauthorized use of a vehicle, ORS 164.135, (Count 8), unlawful possession of a firearm, ORS 166.250, (Count 11), and resisting arrest, ORS 162.315, (Count 12).1 He appeals, arguing that the sentencing court plainly erred in imposing dispositional departure sentences on four of those convictions (Counts 4, 5, 6, and 8), which results in an additional seven months' incarceration. The sentencing court did not identify any basis for those departures. See OAR 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 ("If the sentencing judge departs from the presumptive sentence, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure.").
Defendant argues that the sentencing court plainly erred when it imposed the departure sentences because it did not state the basis for them on the record, and because the state did not give notice of or prove any departure factors to the jury at trial and the record does not reflect that defendant waived his right to have a jury determine such factors. See State v. Frinell , 290 Or. App. 296, 304, 414 P.3d 430 (2018) (holding that the imposition of a dispositional departure sentence required notice to defendant of the state's intent to rely on enhancement facts, and that those enhancement-fact findings had to be made by a jury). The state concedes that, under the circumstances here, the sentencing court plainly erred in imposing the departure sentences, and it agrees that this court should exercise its discretion to correct the errors. We agree, accept the state's concession, and exercise our discretion to correct the errors for the reasons stated in State v. Chapman , 285 Or. App. 876, 877, 395 P.3d 84 (2017). Accordingly, we remand the case for resentencing.
Remanded for resentencing; otherwise affirmed.

Count 10 of the indictment was dismissed before trial. The jury returned guilty verdicts on Counts 2, 3, 7, and 9 of the indictment, and the sentencing court merged those counts with other counts on which it imposed convictions in the judgment.