NOT DESIGNATED FOR PUBLICATION

No. 121,966

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVIN EUGENE PARKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed September 25, 2020.
Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., WARNER, J., and BURGESS, S.J.

PER CURIAM: Devin Eugene Parker challenges the constitutionality of the district court's imposition of an upward dispositional departure after he pled guilty to aggravated battery. In addition, Parker contends that the district court erred in imposing the upward dispositional departure because there were not substantial and compelling reasons to support the decision. Because a change in the disposition of a sentence is not a penalty that increases a defendant's sentence, we do not find the district court's imposition of an upward dispositional departure to be unconstitutional. Likewise, we find that the district court did not err in imposing an upward departure. Thus, we affirm Parker's sentence.

1

On July 9, 2019, Parker pled guilty in Sedgwick County Case No. 19CR923 to one count of aggravated battery for striking his girlfriend's father multiple times in the face, causing an orbital fracture. The plea agreement also included charges from Sedgwick County Case No. 19CR723, in which Parker pled guilty to two drug counts. In exchange, the State agreed to dismiss the remaining charges in case No. 19CR723 and not to pursue charges in another case that was still under investigation.

The parties agreed to recommend that the district court impose the standard sentences in the grid box for each count to which Parker pled guilty. They also agreed to that the sentences be served consecutive to each other. In addition, the parties agreed to recommend that the district court place Parker on probation in order to give him the opportunity to receive treatment for mental health and substance abuse issues.

About two weeks after the district court accepted his plea—and prior to sentencing—Parker was arrested on new charges. This time, Parker was charged with three counts of domestic violence battery and one count of domestic violence criminal damage to property. As a result of his new arrest, the district court revoked Parker's bond and placed him in jail to await sentencing.

The district court held a sentencing hearing on August 21, 2019. Given his criminal history score of F, the presumptive disposition in case No. 19CR923 was probation. See K.S.A. 2018 Supp. 21-6804(a). However, in case No. 19CR723, the presumptive disposition was imprisonment. Ultimately, the district court sentenced Parker to 64 months in prison in case No. 19CR723.

In case No. 19CR923, the district court found that probation was not appropriate and stated its intent to impose an upward dispositional departure to prison. Parker's

counsel objected on the basis that he had not been notified that the district court intended to depart from the presumptive disposition. In response, the district court agreed to continue the sentencing hearing for two weeks. Subsequently, the district court provided Parker with a written notice of its intent to impose an upward dispositional departure based on the risk to public safety and his demonstrated failure to be amenable to probation.

The parties reconvened for sentencing on September 4, 2019. Parker again requested probation in case No. 19CR923 so that he could seek mental health and substance abuse treatment. The district court rejected Parker's request for probation for the reasons stated in its notice of intent to depart and ordered him to serve a prison term of 18 months. The district court further ordered that this sentence run consecutive to Parker's sentence in case No. 19CR723.

Thereafter, Parker timely appealed.

ANALYSIS

Parker first contends that the district court violated his due process right to have a jury determine the facts used to support the upward dispositional departure in case No. 19CR923. He argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the upward departure was an increase in the penalty beyond the prescribed statutory maximum. Although Parker candidly acknowledges that the Kansas Supreme Court has held that *Apprendi* does not apply to an upward dispositional departure in *State v. Carr*, 274 Kan. 442, 452, 53, P.3d 843 (2002), he argues that the holding of *Carr* should be revisited.

Under K.S.A. 2019 Supp. 21-6820(a), we have appellate jurisdiction to consider a departure sentence. Moreover, although this issue was not raised below, we may consider

3

it for the first time on appeal because the newly asserted theory involves only a question of law. See *State v Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). In particular, both the question regarding the constitutionality of Parker's sentence and the interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., involve questions of law subject to our unlimited review. See *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018).

We reject Parker's invitation to revisit *Carr*. As the parties recognize, we are duty bound to follow Kansas Supreme Court precedent unless there is some indication that it is departing from its previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Here, we reject Parker's argument not only because we are duty bound to follow the precedent established by our Supreme Court but also because we find that *Carr* reflects a correct interpretation of *Apprendi*. In fact, we note that our Supreme Court cited to the *Carr* holding with approval as recently as last year. See *State v. Hambright*, 310 Kan. 408, 419-420, 447 P.3d 972 (2019); see also *State v. Daniels*, 278 Kan. 53, 64, 91 P.3d 1147, *cert. denied* 543 U.S. 982 (2004).

In support of his argument that *Carr* was wrongly decided, Parker cites *State v. Allen*, 706 N.W.2d 40, 47 (Minn. 2005) and *State v. Buehler*, 206 Or. Ct. App. 167, 169-171, 136 P.3d 64 (2006). Of course, it is not necessary for us to look to cases from other jurisdictions when our Supreme Court has already ruled on this issue. Moreover, we note that panels of this court have rejected the same—or a substantially identical—argument on multiple occasions. See *State v. Vannostrand*, No. 120,941, 2020 WL 1969332, at *3 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 21, 2020; *State v. Miller*, No. 114,291, 2016 WL 4259972, at *8 (Kan. App. 2016) (unpublished opinion); *State v. Roberts*, No. 112,744, 2015 WL 6835274, at *3 (Kan. App. 2015) (unpublished opinion); *State v. Segovia*, No. 110,106, 2014 WL 3020247, at *5-6 (Kan. App. 2014) (unpublished opinion); *State v. Benton*, No. 109,161, 2014 WL 278766, at *4 (Kan. App. 2014) (unpublished opinion); *State v. Nightingale*, No. 104,855, 2011 WL 4440422, at *6

(Kan. App. 2011) (unpublished opinion); *State v. Garcia*, No. 101,048, 2009 WL 3738492, at *3 (Kan. App. 2009) (unpublished opinion); *State v. King*, No. 96,765, 2008 WL 762505, at *6 (Kan. App. 2008) (unpublished opinion); *State v. Faggitt*, No. 96,834, 2008 WL 142314, at *2-3 (Kan. App. 2008). Like the other panels of our court, we also reject the argument that the district court's imposition of an upward dispositional departure was unconstitutional.

Next, Parker contends that the district court abused its discretion by imposing an upward dispositional departure. Specifically, he argues that the reasons given by the district court to justify the upward departure were not compelling. In addition, Parker asserts the district court erred in finding that it would not be practical to serve a prison sentence followed by a term of probation.

Unless a district court finds substantial and compelling reasons to depart from the presumptive sentence, a district court must impose the presumptive sentence provided by the KSGA. K.S.A. 2019 Supp. 21-6815(a). "Substantial" means something a court perceives as being real and having substance. "Compelling" means something a court feels constrained to do that is beyond the ordinary because of the facts of the case. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015). Here, the district court relied on aggravating factors to justify an upward departure.

In our review of a departure sentence, we first examine the record for substantial competent evidence to determine if the record supports an articulated aggravating factor. When the record supports the district court's stated reasons for the departure, we apply an abuse of discretion standard to determine whether a particular factor constituted a substantial and compelling reason to depart. *State v. Bird*, 298 Kan. 393, 397-98, 312 P.3d 1265 (2013); *State v. Morley*, 57 Kan. App. 2d 155, 161, 448 P.3d 1066 (2019). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State*

*v. Woodring*, 309 Kan. 379, 380, 435 P.3d 54 (2019). The party asserting an abuse of discretion—in this case Parker—bears the burden of demonstrating such an abuse of discretion exists. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 2019 Supp. 21-6815(c) provides a nonexclusive list of factors the district court may consider on the merits in determining whether to impose an upward dispositional departure. In any given case, a district court may also consider other factors. However, it may do so only if "'there is evidence in the record to support such factors and the use of the factors would be consistent with the intent and purposes of the sentencing guidelines.' [Citations omitted.]" *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013).

When determining whether the circumstances warrant a departure, a district court must consider: (1) evidence received during the proceeding; (2) the presentence investigation report; (3) written briefs and oral arguments by both the State and the defendant; (4) and any other relevant, trustworthy, and reliable evidence. K.S.A. 2019 Supp. 21-6815(d). If the district court finds a substantial and compelling reason for departure, it must state the reason for the departure on the record including findings of fact in support of the reason. K.S.A. 2019 Supp. 21-6815(a); K.S.A. 2019 Supp. 21-6817(a)(4). Here, the district court found that Parker had shown by his conduct while released on bond that he presents a risk to the safety of the community as a whole and that he is not amenable to probation. In addition, the district court stated that granting probation was not practical because Parker would already be serving a prison term in his other criminal case.

A review of the record reveals that Parker pled guilty to the crime of aggravated battery for hitting his girlfriend's father in the face multiple times. Moreover, just two weeks after entering his guilty plea—while released on bond awaiting sentencing—Parker was charged with three counts of domestic violence battery and one count of

domestic violence criminal damage to property. These violent acts were also committed in violation of a protective order.

Under these circumstances, we find that the district court did not abuse its discretion or otherwise err in imposing an upward dispositional departure. As the record indicates, the district court found that Parker presents a risk to the safety of the community and that he is not amenable to the terms of probation. Both public safety and nonamenability to probation have been recognized as valid non-statutory factors supporting a departure sentence. See *Bird*, 298 Kan. at 400-01; *State v. Rodriguez*, 269 Kan. 633, 646-47, 8 P.3d 712 (2000). Furthermore, the district court's findings regarding both of these factors are supported by evidence in the record that is both substantial and compelling.

We recognize that the district court's additional statements about the impracticability of probation in light of the prison sentence that Parker had received in the other case are not consistent with existing caselaw. See *State v. Ellis*, No. 105,634, 2012 WL 3966523, at *3-4 (Kan. App. 2012) (unpublished opinion) (it is not impractical for a term of probation to be served subsequent to a prison term). However, as our Supreme Court has held, as long as one factor relied upon by the district court is substantial and compelling, the departure sentence should be upheld. *State v. Bird*, 298 at 398. Here, there was evidence of two such factors—a risk to the safety of the community as a whole and lack of amenability to comply with the terms of probation—that are supported by evidence in the record on appeal. Consequently, we affirm Parker's sentence.

Affirmed.