***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 1; remanded for resentencing, otherwise affirmed
August 10, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN STANLEY LITTLEFOOT HOUCK,
*Defendant-Appellant.*

Linn County Circuit Court
20CR43457; A175807

Thomas McHill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant pleaded guilty to one count of third-degree assault, ORS 163.165 and two counts of strangulation, ORS 163.187. He also pleaded no contest to one count of second-degree assault, ORS 163.175. Pursuant to stipulation, he received consecutive sentences, including 60-month terms of incarceration on the third-degree assault count and on each count of strangulation. On appeal, he asserts that the trial court plainly erred in imposing 60 months of post-prison supervision (PPS) on each of those convictions, "minus time actually served pursuant to ORS 144.103." The state concedes the error.

For two reasons, the 60-month PPS terms were imposed erroneously. First, ORS 144.103 does not apply to these offenses, and application of that statute in this circumstance resulted in unlawfully indeterminate sentences. *See State v. Chapman*, 285 Or App 876, 877, 395 P3d 84 (2017) (describing and correcting similar error as plain error). Also, each of the three offenses for which the court imposed a 60-month term of incarceration was a Class C felony. The 60-month PPS terms, when added to those incarceration terms, exceed the five-year maximum indeterminate sentence for Class C felonies. ORS 161.605(3). *See also* OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."). The state concedes that the trial court committed plain error in imposing these sentences for both reasons. We agree and accept the state's concession. Further, because the gravity of the error to defendant is significant, we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.